MELVIN, Judge,
dissents.
I have considered with mixed emotions the process by which the majority now trespasses upon the fact-finding function that heretofore appellate courts have been content to recognize as the domain of the jury, or the trial judge, as the ease may be.
At the time the appellant was appointed, the maximum sum the court could have allowed to him to be paid from the county tax funds would have been $750.00.[1] Prior to the conclusion of the case, the legislature again addressed the subject of the maximum sum of public tax funds that may be paid appointed counsel in a criminal case.
Interesting indeed would have been the persuasive argument this court would have considered in the attack made upon any legislation that, post appointment would have reduced below $750.00 the amount of fee payable to counsel for his most competent service rendered to his client. The law in effect at the time of appointment with much reason would, I believe, have been urged as the proper measure to apply in this case.
Without regard to whether the legislature considered the maximum sum of $750.00 as being too high or low, it changed the statute’s rigidity and proclaimed that the court should order the payment of a “reasonable” fee. By this enactment, I do not perceive the legislative intent to be to erase the time-honored tradition and duty that for centuries have called attorneys to the bar of the court, there with pride and deep respect for his duties as an officer of the court, to hear from the judge the words, “The Court appoints you as the trial attorney for this indigent Defendant”. Prior to Section 925.035, if the defendant was charged with a capital offense, a stipend of $100.00 could be allowed by the court for the attorney’s services.[2] The attorney defended his client knowing no further money would be available from state or county tax funds. If the case was non-capital, no compensation, except that flowing from the joy of a task well done, would be experienced.
Now we have for review the reasonableness of the judgment of the Chief Judge of *742 the Circuit, in which the court allowed, in the light of all his years of judicial experience, the trial in question, and the testimony of expert witnesses, a fee in excess of the original $750.00 maximum. The amount the trial court considered to be reasonable was the sum of $3,500.00. From the testimony presented to the trial court, the appellant would have the attorney’s fee set in an amount of $7,500.00 to $10,000.00, to be assessed against the county.
The trial court did not consider, in the light of all the facts, such sum to be reasonable. Neither does the majority of this court. The majority in effect holds the trial court to a degree of abuse of discretion in allowing the fee complained of, then it proceeds by some arbitrary standard to fix a larger amount of money that it finds, from distant appellate consideration, to be reasonable.
The trial judge was and is better situated to fix the fee than is this court from a review of the cold printed record.
With all due respect to the enlightened conclusion of the majority, I register my dissent. We should be mindful that what we decide here does not just apply to the more affluent counties, but applies with like impact to the small counties with a small tax base and a small or no reserve.
The command of tortured logic that requires payment of maximum hour rates to attorneys regardless of whether their attention is only addressed to a fundamental proposition must be displaced by the more tempered view that one representing an indigent defendant may not in reason expect the taxpayer to respond in payment as if he were a willing party to the attorney’s fee contract.
It may well be that the legislature next to assemble will address the issue of payment for defense of indigent state prisoners from a state fund. For many counties, large, medium and small, the hour is late. I, therefore, note my dissent.

. Section 925.035, Florida Statutes (1975) provided that, “. . .If the court appoints an attorney other than the [P]ublic [D]efender, the attorney shall be allowed reasonable compensation not to exceed $750 for the trial. If more than one attorney is appointed, the total compensation for the trial shall not exceed $1,000. . ” In this case, appellant had the assistance of co-counsel in the representation of the client, so it appears that, all things being equal, his actual maximum compensation under the old statute would have been $500.

. Ch. 19554, § 7, Laws of Florida (1939).